Dwane A. Washington  Reg. No. 80115-083
_____
Name and Prisoner Number/Alien Registration Number

U.S. Penitentiary Tucson
_____
Place of Confinement

P.O. box 24550
_____
Mailing Address

Tucson, AZ 85734
_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED ___ LODGED
RECEIVED ___ COPY

JUN 1 8 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Dwane A. Washington
_____,
(Full Name of Petitioner)

Petitioner,

v.

R.L. Rhodes
_____,
(Name of Warden, Jailor or authorized person
having custody of Petitioner)

Respondent.

# CV18-0302 TUCCKJ (EJM)

CASE NO. _____
(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY**

## PETITION

1. What are you challenging in this petition?
   - ☐ Immigration detention
   - ☐ Bureau of Prisons sentence calculation or loss of good-time credits
   - ☐ Probation, parole or supervised release
   - ☒ Other (explain): _Bureau of Prisons conditions of confinement_

2. (a) Name and location of the agency or court that made the decision you are challenging: _U.S. Bureau of Prisons, U.S. Penitentiary Tucson, Tucson, AZ_

   (b) Case or opinion number: _Please reference my BOP Registration Number, 80115-083_

   (c) Decision made by the agency or court: _Retaliatory placement in Special Housing Unit (SHU) (Maximum Custody); Retaliatory Transfer to Prison where BOP Knows Respondent faces a serious threat to health and safety._

   (d) Date of the decision: _March 15, 2018 (SHU); May or June 2018 (transfer)_

530

3.   **Did you appeal the decision to a higher agency or court?**     Yes ☒    No ☐

If yes, answer the following:

(a) First appeal:

    (1) Name of the agency or court: U.S. Bureau of Prisons, Western Regional Office

    (2) Date you filed: June 12, 2018

    (3) Opinion or case number: Unknown (Reference Reg. No. 80115-083)

    (4) Result: Pending - I am filing habeas now due to immediacy of threat to safety

    (5) Date of result: Not applicable

    (6) Issues raised: Retaliatory imprisonment in SHU on pretext of "threat evaluation." Retaliatory transfer to institution where Respondent knows Petitioner is not safe.

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b) Second appeal:

    (1) Name of the agency or court: No other appeals at this time

    (2) Date you filed: _____

    (3) Opinion or case number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c) Third appeal:

    (1) Name of the agency or court: Not Applicable

    (2) Date you filed: _____

    (3) Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.   If you did not appeal the decision to a higher agency or court, explain why you did not: _____

~~Due to the immediate threat to my safety, I am exhausting administrative remedies at~~

~~the same time I apply to this court for emergency injunction relief.~~

_____

5.   Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?          Yes ☐          No ☒

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.   For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.**  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

3

**GROUND ONE:** Correctional Officer Galleon Retaliated Against Petitioner In Violation of the Constitution and the Laws of the United States.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

In March of 2018, Officer Galleon approached me and asked for information about a controlled substance lead he was investigating. He did not suspect me of being involved but thought I might know inmates who were. I declined to speak with him for reasons of my own safety. The investigation had nothing to do with me, and it is dangerous for inmates to even be seen talking to an investigator like Galleon. In addition, some inmates had told me that Galleon would sometimes take information he received from an inmate who was cooperating with him, and let slip to other inmates that the information had been provided by some other inmate — one who Galleon didn't like because he wouldn't do or say what he wanted. Finally, I have heard from some inmates that Galleon is himself involved in trafficking drugs into the prison. I don't know if that is true and I have not seen anything specific to support that. But I heard it from enough different people that it was a concern for me. I wanted as little to do with Galleon as possible and did not want to be seen talking to him so he could not make me out to be a "snitch" it I didn't make him happy. Galleon threatened me and said he would make my life difficult if I did not cooperate. I still said no. So Galleon had me put in the Special Housing Unit (SHU), saying I needed a "threat assessment." But nobody threatened me and I know this was just a pretext to punish me while supposedly protecting me from a (nonexistant) threat. When I still would not cooperate, Galleon coordinated with my case manager Ms. Diaz to have me designated for transfer to another prison where they know I would be attacked. That transfer is now imminent.

(b) Did you exhaust all available administrative remedies relating to Ground One?   Yes ☐   No ☑

(c) If yes, did you present the issue to:
- ☐ The Board of Immigration Appeals
- ☐ The Office of General Counsel
- ☐ The Parole Commission
- ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground One, explain why:

Due to the immediate threat to my safety, I am applying to this Court for emergency injunctive relief at the same time I exhaust administrative remedies.

This explanation applies to all grounds relied upon.

**GROUND TWO:** Respondent Imposed Additional and Substantial Restraints On Petitioner's Liberty Without Sufficient Due Process, In Violation Of the Constitution and Laws of the United States

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner incorporates all facts from Ground One as if fully set forth herein.

When Petitioner was sent to the SHU for an invented threat assessment, he was denied any opportunity to challenge the basis for his SHU placement. Recognizing the many additional liberty restraints and difficulties posed by confinement in the SHU versus life in general population, the BOP requires various formal determinations and custody hearings to keep an inmate in the SHU. These procedures were undertaken incompletely or not at all. Petitioner tried to communicate that SHU placement was retaliatory and unnecessary. But there was no process available to him to bring these constit- concerns to light.

Petitioner was further deprived of due process when no procedure was available for him to contest his transfer to a US Penitentiary where he would be in danger. All staff members at USP Tucson are aware that any inmate with a sex-related charge, whether true or not, will be attacked at any penitentiary other than 3 "special yards": USPs Tucson, Terre Haute and Coleman 2. Officers Gallom and Diaz know that by arranging Petitioner's transfer to USP Canaan, they will cause him to be attacked and even killed by other inmates. Petitioner has already been sent to one "active yard" USP Victor-ville and was attacked. Furthermore, transfer of Petitioner to an inappropriate prison will result in additional transfers, likely including long periods in transit from one "temporary placement" to another. Such "diesel therapy" is known to be hard on prisoners and is being intentionally imposed in retaliation for Mr. Washington's lawful activities.

(b) Did you exhaust all available administrative remedies relating to Ground Two?   Yes ☐   No ☒

(c) If yes, did you present the issue to:
- ☐ The Board of Immigration Appeals
- ☐ The Office of General Counsel
- ☐ The Parole Commission
- ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

Please see explanation in Ground One (d).

**GROUND THREE:** Respondent Has Imposed Upon Petitioner Conditions of Confinement Amounting To Cruel and Unusual Punishment, In Violation of the Constitution and Laws of the United States.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner incorporates all facts set forth in preceding grounds as if fully reproduced herein. Petitioner submits that the facts listed so far by themselves amount to unlawful conditions of confinement. In assessing whether the totality of the treatment Petitioner suffered amounts to cruel and unusual punishment, the Court should consider the matter against the backdrop of the conditions Petitioner experienced in general population (GP). In GP had access to at least 30 hours per week of outdoor recreation, during which time he had access to large open spaces and a variety of recreation equipment, team sports such as basketball and many other amenities. By contrast, in the SHU he received at most five hours per week of recreation in a roughly 10' x 20' cage with three other inmates. In GP Petitioner was required to spend only about 9 hours a day in his cell. In the SHU he was required to spend about 23.5 hours locked up per day in a small cell. In GP, he enjoyed access to multiple televisions, a full library, classes and other educational opportunities. In the SHU he has access only to a small book cart for about 10 minutes per week.

Besides the restrictive living conditions in the SHU, the sanitary and health conditions are generally poor. In early June, 2018, a sewage spill flooded the hallway and Petitioner's cell. It was left standing for eight hours before clean-up, during which Petitioner's meals were wheeled through the mess — sitting inches above the floor — and Petitioner had to attempt to eat with the smell of urine and feces filling his cell. Further, the SHU is infested with ants, cockroaches, small flies and other biting insects that have left Petitioner with welts and rashes. In general, medical care is harder to obtain while in the SHU. These and other conditions Petitioner will document rise to the level of cruel and unusual punishment, when considered with the circumstances of his SHU placements.

(b) Did you exhaust all available administrative remedies relating to Ground Three?  Yes ☐   No ☒

(c) If yes, did you present the issue to:
   ☐ The Board of Immigration Appeals
   ☐ The Office of General Counsel
   ☐ The Parole Commission
   ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Three, explain why:
Please see explanation in Ground One (d).

**GROUND FOUR:** _None_ _____

_____

_____

_____

_____

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you exhaust all available administrative remedies relating to Ground Four?   Yes ☐   No ☐

(c) If yes, did you present the issue to:
    ☐ The Board of Immigration Appeals
    ☐ The Office of General Counsel
    ☐ The Parole Commission
    ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____

_____

_____

_____

_____

**Please answer these additional questions about this petition:**

7.  Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐            No ☒
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

If yes, answer the following:        *Not Applicable*

(a)  Have you filed a motion under 28 U.S.C. § 2255?        Yes ☐        No ☐

If yes, answer the following:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)  Explain why the remedy under § 2255 is inadequate or ineffective: _____
_____
_____
_____

8.  If this case concerns immigration removal proceedings, answer the following:   *Not Applicable*

(a)  Date you were taken into immigration custody: _____

(b)  Date of removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?   Yes ☐        No ☐

(1)  Date you filed: _____

(2)  Case number: _____

(3)  Result: _____

8

(4) Date of result: _____

(5) Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)  Did you file an appeal with the federal court of appeals?    Yes ☐         No ☐

(1)  Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.    Petitioner asks that the Court grant the following relief: Issue a temporary restraining order barring Petitioner's transfer pending further proceedings on the merits of this Petition. Order permanent injunctive relief requiring Petitioner's return to general population and that any future placement of Petitioner in the SHU be reviewed by the Bureau of Prison's Regional Director or Regional Counsel for the region in which Petitioner is incarcerated, to ensure SHU placement is for a proper purpose. or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___June 12, 2018___ (month, day, year).

_____
Signature of Petitioner   Dwane A. Washington
                           Pro Se

None (Request for Court-appointed counsel enclosed)
Signature of attorney, if any

_____June 12, 2018_____
Date