Dwane A. Washington, Reg. No. 80115-083
U.S. Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734
Pro Se

Page 1 of 3

FILED ___ LODGED
RECEIVED ___ COPY

JUN 18 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

CV18-0302 TUCCKJ--(EJM)

Dwane A. Washington,           )   Case. No.
            Petitioner,        )
                               )
        v.                     )   EMERGENCY REQUEST FOR
                               )   TEMPORARY RESTRAINING ORDER
R.L. Rhodes,                   )
            Respondent.        )

COMES NOW Petitioner Dwane Washington and requests that the Court temporarily enjoin Respondent from transferring Mr. Washington away from U.S. Penitentiary Tucson, pending further proceedings in Mr. Washington's Petition for a Writ of Habeas Corpus.

In support of this request, Petitioner states as follows:

1. Mr. Washington's concurrently-filed Petition for Writ of Habeas Corpus describes how prison officials at U.S. Penitentiary Tucson retaliated against him for his lawful conduct. Petitioner has already suffered over three months of highly restrictive confinement as a result of this retaliation. He now also faces the imminent harm of being transferred to a new prison where the retaliating officials know and intend that Mr. Washington will likely be attacked and potentially killed by other inmates.

2. Mr. Washington has been informed by prison officials that he could be transferred away from U.S. Penitentiary Tucson at any time. In addition to the threats Petitioner would face at a new prison, the retaliating Bureau of Prisons (BOP) officials know and intend that the transfer process itself will be harmful and stressful for Petitioner. Such unnecessary and/or retaliatory transfers are common enough that they have been given the ironic label of "diesel therapy" by prison officials and inmates.

3. Accordingly, Mr. Washington's Petition encompasses both the harm that he may face at a new prison as well as the harm he certainly will face if a retaliatory transfer is allowed to proceed. Petitioner will therefore be subject to irreparable harm if the retaliatory transfer is not prevented. Mr. Washington would also face difficulties litigating his Petition if forced to do so from a new and likely distant facility. These difficulties will include coordinating with Tucson-area counsel should the Court appoint an attorney, as well as collecting evidence and corroborating statements from other inmates with direct knowledge of Petitioner's treatment.

4. Petitioner's request for emergency injunctive relief is narrow and asks for nothing besides that the current status quo be maintained. The Respondent is unlikely to incur any costs resulting from the requested order, and indeed could be spared the cost of unnecessarily transporting Petitioner across the country due to the unlawful and retaliatory acts of certain prison officials. Although Petitioner contends his claims are likely to succeed on their merits, in the event they did not the Respondent will have suffered only a temporary delay in repositioning one of

hundreds of thousands of prisoners in the BOP system. Mr. Washington, by contrast, faces irreparable harm absent a temporary restraining order, including even a risk of death intentionally imposed on him by the retaliating prison officials. Therefore, the balance of the equities favors a grant of temporary relief.

5. The public interest favors a grant of temporary relief pending further proceedings in this matter. The public has an interest in the orderly management of the federal prison population according to best practices in correctional matters, rather than at the whims of misbehaving prison officials. The public has a further interest in the fair and humane treatment of prisoners, and in preventing and dissuading misconduct by prison officials. Such misconduct erodes the public's trust in the institutions of the U.S. justice system, which relies upon trust in its integrity to operate effectively and efficiently.

WHEREFORE Petitioner respectfully requests that Respondent be ordered to refrain from transferring him away from U.S. Penitentiary Tucson pending further proceedings in this matter.

Respectfully submitted,

Dated: June 12, 2018     Signed: [signature]
                         Dwane Washington
                         Pro Se

## Certificate of Filing and of Service

I, Dwane Washington, certify that I submitted the foregoing documents to U.S. Penitentiary Tucson officials for mailing, addressed to the Court with first class postage prepaid, on June 12, 2018. See Houston v. Lack, 487 U.S. 266 (1988).

I further certify that the Respondent in this matter is registered with the Court for electronic filing, and on information and belief will be served electronically with the foregoing documents when they are scanned into the Court's electronic filing system by the Clerk.

Dated: June 12, 2018                Signed: /s/ Dwane Washington
                                    Dwane Washington
                                    Pro Se

=Emergency Request For Temporary Restraining Order Enclosed=

June 12, 2018

U.S. District Court Clerk
U.S. Courthouse, Suite 1500
405 West Congress Street
Tucson, AZ 85701-5010

Subject:   Washington v. Rhodes  (Habeas Corpus Petition)
           Initial Filing - EXPEDITED PROCESSING REQUESTED

Dear Clerk:

Enclosed for filing please find:
  ① Prisoner Habeas Corpus Petition on Court-Approved Form
  ② Emergency Request for Temporary Restraining Order and Proposed Order
  ③ Declarations in Support of Above Petition and Request
  ④ Request for Appointment of Counsel
  ⑤ Motion to Proceed In Forma Pauperis

Due to the exigencies of this time-sensitive matter and the constraints of residing in the Special Housing Unit of a Maximum Security Penitentiary, I regret that I am able to provide only one copy of the enclosed materials. In addition, I am unable to consult any Local Rules regarding habeas petitions or emergency requests for temporary restraining orders. Particularly in view of the emergent circumstances, I hope the Court will be able to accept and construe this pro se petition liberally. Thank you for considering it.