Dwane A. Washington, Reg. No. 80115-083
U.S. Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734
Pro Se

FILED ___ LODGED
RECEIVED ___ COPY

JUN 2 5 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

CV 18-302-TUC-CKJ(EJM)

DWANE A. WASHINGTON,
    Petitioner,
v.
R.L. RHODES,
    Respondent.

No.: _____

SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF HABEAS CORPUS
PETITION AND OF MOTION FOR
APPOINTMENT OF COUNSEL

COMES NOW PETITIONER Dwane Washington and states as follows in support of his previously-filed Petition for Writ of Habeas Corpus and Motion for Appointment of Counsel:

1. This matter involves the past and continuing conduct of a Bureau of Prisons (BOP) official, Officer Gallion, who is charged with investigating the conduct of inmates. Petitioner's allegations of misconduct are supported by the reports of other prisoners who have suffered similar mistreatment by Gallion. Due to the nature of the misconduct at issue in this Petition — retaliation for complaints or for failing to comply with improper demands by BOP staff — corroborating witnesses fear retaliation should they offer testimony on Mr. Washington's behalf. See Declaration of

Matthew Muller, attached hereto as Exhibit A (noting several allegations of retaliation and other misconduct by Gallion that inmates have not reported due to fear of retaliation).

2. In addition, this Petition involves the factually and legally difficult task of discerning between legitimate investigatory actions and exercises of prosecutorial discretion on the one hand; and retaliatory acts, discriminatory enforcement and false/pretextual justifications for prosecutorial acts on the other.

3. Finally, besides Petitioner's lack of legal training, he has virtually no access to resources that even the most sophisticated pro se litigant would need to effectively prosecute a petition of this nature. See id. (noting delays of over a month for prisoners in the U.S. Penitentiary Special Housing Unit to access the prison law library for even 30-60 minutes).

WHEREFORE, for all the foregoing reasons, Petitioner submits that appointment of counsel is necessary to adequately investigate Petitioner's allegations and present the relevant facts and law to the Court. Petitioner faces even more barriers to litigating his claims than a typical pro se prisoner — barriers so high they may constitute an independent claim relating to prisoners' access to the courts. Petitioner therefore requests the Court GRANT his motion for appointment of counsel.

Respectfully submitted,

Dated: June 19, 2018       Signed: Mr. Dwayne A. Shuler

I Dwaine Washington, your Petitioner, certify that I submitted the foregoing documents to U.S. Penitentiary Tucson officials for Mailing, addressed to the Court with first class postage prepaid, on June 19th, 2018
See Houston v. Lack 487. U.S. 266. (1988)

    I further certify that Petitioner in this matter is registered with the Court for electronic filing and on information and belief will be served electronically with the foregoing documents when they are scanned into the Courts electronic filing system by the clerk.

Respectfully Submitted,
Mr. D. Washington

Dated: June 19th 2018.

Supplemental Declaration of Matthew Muller
In Support of Dwane Washington's Habeas Corpus Petition

I, Matthew Muller, declare under penalty of perjury:

1. As set forth in a previous declaration filed in this matter, I am an inmate at U.S. Penitentiary Tucson assisting Dwane Washington with his habeas corpus petition. Although I stated in my last declaration that I expected to be released from the Special Housing Unit (SHU) shortly, it happens that I have remained in the SHU in a cell across from Mr. Washington's.

2. Beginning the morning of Tuesday, June 12, 2018, I heard Mr. Washington begin to request that he be allowed to send legal mail so that he could file his petition with the Court. He was told again and again, over the course of three days, that nobody was available to accept legal mail. Finally, later on June 14, Mr. Washington's mailing to the Court was accepted by an officer. I would estimate that Mr. Washington asked about legal mail at least 25 times, and ultimately had to resort to threats of misconduct (not allowing officers to close his cell door food slot) before they would accept his mailing. Compared to what I have witnessed in the SHU here, this is actually an uncommonly short delay between an inmate requesting some action relating to his access to counsel and the courts, and Bureau of Prisons staff satisfying the request. For example, my cellmate Cody Jackson has been attempting for nearly a month to be allowed to call his attorney and has still not been allowed to do so. Mr. Jackson has pending a direct

appeal of his criminal conviction and needs to provide his attorney with some key information before the opening brief deadline elapses.

3. I have also heard Mr. Washington ask repeatedly to use the law library and seen him place papers in his door that he stated were written requests to use the law library. He has not been allowed to do so. This is typical in the USP Tucson SHU. I began making almost daily written requests to use the law library beginning on April 26, 2018. On June 15, 2018, I was advised by Correctional Officer (C.O.) Brewer that my name was not placed on the law library waiting list until May 16, 2018. As of June 19, 2018, I still have not managed to secure even one turn in the law library. Therefore, it is currently taking at least 35 days for an inmate in the USP Tucson SHU to secure a single 30-60 minute session in the law library. Although I am a law school graduate and former attorney and law school faculty member, I could not effectively prepare and argue an entire habeas corpus case under prevailing conditions in the USP Tucson SHU. I believe it highly unlikely that an inmate with no legal training could do so.

4. On June 16, 2018, I overheard a verbal exchange between Mr. Washington and a C.O. Mr. Washington was complaining about something he had requested previously. The C.O. concluded the conversation by stating "I hope you like it where you're going, Washington." I understood this to be a reference to the

fact that Mr. Washington had been told he was designated for transfer to USP Canaan, an "active yard" known to be violent and dangerous to anyone like Mr. Washington who is perceived to be a sex offender.

5. Since my last declaration, I have received other credible and detailed reports from inmates about improper conduct and/or retaliation by S.I.S. officer Gallion. Two inmates do not wish to report the misconduct because they are currently trying to convince local and national BOP authorities not to transfer them and believe that any complaint against BOP staff will result in their transfer. One inmate does not wish to report because the matter involves sexual misconduct and extortion toward him by officer Gallion. He wishes to report the matter via special provisions included in the Prison Rape Elimination Act (PREA). But USP Tucson is out of compliance with regulations promulgated pursuant to PREA, 28 C.F.R. Part 115, because there is no reasonably available means to report staff sexual abuse outside the prison's chain of command. My own PREA complaint relating to staff-involved sexual abuse was reported by my family directly to the USP Tucson Warden, R.L. Rhodes, who referred the matter to be investigated by some of the same officials who were involved. Since he has no family support or other outside resources, the sexually abused inmate has requested that I assist him in making a report to the U.S. Department of Justice's Office of the Inspector General. Once appropriate protections are in place, that inmate has stated that he is willing to come forward as a witness regarding

the practice by Gallion of retaliating against inmates for improper reasons.

6. Although likely inadmissible as evidence supporting Mr. Washington's habeas corpus claims, all inmates making reports to me about Gallion have stated to me that they would be willing and in fact eager to sit for a polygraph examination to verify their claims of misconduct by Gallion, as part of any internal investigation.

I, Matthew Muller, declare under penalty of perjury that the foregoing is true and correct. Done this nineteenth day of June, 2018, in Tucson, Arizona.

Signed: [signature]