Dwane A. Washington, # 80115-083
U.S. Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734

FILED          LODGED
RECEIVED          COPY

JUL 23 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DWANE A. WASHINGTON, <br> Petitioner, | No. CV18-0302-TUC-CKJ |
| v. | Rule 59 Motion to Alter or Amend Judgment And/Or Rule 60 Motion for Relief From Judgment |
| R.L. RHODES, <br> Respondent. | |

COMES NOW Petitioner Dwane Washington and requests that the Court reconsider its Order of June 20, 2018, in this matter (D.E. 6). In support of this motion, Petitioner states as follows:

1. Other than the initial filing, all motions and memoranda

-1-

filed in this matter were submitted to prison officials for mailing on the date they were signed. (Supporting documents such as declarations may have been executed on an earlier date.) Pursuant to the "prison mail-box rule," these documents are deemed filed with the Clerk as of those dates. Houston v. Lack, 487 US. 266 (1988)

2. Inmates in the U.S. Penitentiary Tucson Special Housing Unit ("SHU") have no means of obtaining a receipt or filing stamp from prison authorities indicating the date a filing is tendered to prison staff for mailing.

3. A memorandum supporting Petitioner's request for relief was filed on June 19, 2018, prior to the Court's June 20 Order dismissing this matter.

4. Supplemental filings amending and supporting Petitioner's initial filings were delivered to prison authorities on June 23, 2018 — after the Court's June 20 Order but before Petitioner received actual notice of that Order on June 26, 2018.

5. Accordingly, Petitioner requests that the Court reconsider its dismissal in light of the June 19 and June 23 filings by Petitioner

6. With regards to the Court's denial of in forma pauperis status, Petitioner notes that unless his filing was altered after he submitted it to prison officials, his application was complete. In the "Certificate of Correctional Officer" section, Petitioner explained that he

- 3 -

was unable to reasonably obtain the requested verification because the only officer authorized to provide it was also the one complained about in the Petition. Petitioner did attempt twice to obtain her certification and was told she was not available. Petitioner has not seen the officer in ten days. Due to the exigent circumstances of this Petition and the possibility of further retaliation if the official involved learns of it, Petitioner requests that the Court exercise its discretion and accept the form as completed. Petitioner also understands he may receive money in his account in the next few weeks and authorizes the Court to deduct filing fees of $5 if so. Petitioner also submits that the Local Rule is unconstitutional as applied to his situation and would

present a nearly insurmountable barrier to his access to the courts if enforced under these circumstances.

7. In regards to the Court's finding that his petition may not proceed under 28 U.S.C. § 2241, Petitioner respect-fully submits that habeas corpus is an appropriate procedural vehicle. Although characterized as a challenge to "conditions of confinement," the primary relief Petitioner seeks is release from the highly restrictive Special Housing Unit into the general population. See Haines v. Kerner (pro se filing is to be liberally construed and is not governed by the particular labels a pro se party applies to a filing). ___ U.S. ___ (19__). In view of the many restraints on Petitioner's liberty imposed on him by placement in the SHU over and above those

imposed upon him in the general prison population, his Petition sounds in habeas. Petitioner was detained from the general population, searched, placed in handcuffs, escorted to a restricted wing of the facility containing the SHU — a prison within a prison — strip-searched, forced to surrender his regular prison uniform for bright orange teeshirts and shorts, and taken in hard restraints to a cell in which he was locked down at least 23 hours a day. His contact with other inmates was strictly proscribed, as were his opportunities to participate in most prison programs. This was equal to or greater than the loss of liberty he experienced going from being free in public to being incarcerated in general population.

-6-

I, Dwane Washington, certify that the foregoing information is true and correct, under penalty of perjury. Respectfully submitted this twenty-seventh day of June, 2018.

Signed: Mr. Dwane Washington

## CERTIFICATE OF DUPLICATE FILING

I, Matthew Muller, certify that the original of the enclosed filing was submitted to prison officials for mailing on June 28, 2018.  As of July 17, 2018, the filing has not appeared on the Court's electronic docketing system and I have been advised that the Petitioner Dwane Washington has not received any further notices from the Court.

Accordingly, I am resubmitting the filing to prison officials for mailing on July 17, 2018, within 28 days of the Court's Order of June 20, 2018.  See Fed. R. Civ. P. 59 and 60 (motion to alter or amend judgment or motion for relief from judgment may be filed within 28 days of entry of the relevant judgment).

I, Matthew Muller, declare that the foregoing is true and correct. Done this seventeenth day of July, 2018.

Signed: _____
        Matthew Muller