MW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwane A. Washington, | No.  CV-18-00302-TUC-CKJ (EJM) |
| Petitioner, | |
| v. | **ORDER** |
| R.L. Rhodes, | |
| Respondent. | |

On June 18, 2018, Petitioner Dwane A. Washington, who is confined in the United States Penitentiary-Tucson in Tucson, Arizona, filed a pro se Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), an Emergency Request for Temporary Restraining Order (Doc. 3), and a Motion for Appointment of Counsel (Doc. 4).  In an Order dated June 20, 2018 (Doc. 6), the Court denied Petitioner's application and motions, and dismissed this action for lack of habeas corpus jurisdiction, advising him that the appropriate method to bring challenges to his conditions of confinement was to file a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The Clerk of Court entered Judgment on June 20, 2018.  (Doc. 7.)  Subsequent to the entry of Judgment, Petitioner filed three supplements in support of his Petition and motions.  (Docs. 8, 10-11.)  As a matter of discretion, the Court deemed Petitioner's Supplements filed as of June 20, 2018, but denied any relief sought therein. (Doc. 12.)

Petitioner has now filed a Rule 59 Motion to Alter or Amend Judgment and/or Rule 60 Motion for Relief from Judgment. (Doc. 13.) In his motion, Petitioner seeks reconsideration of the Court's June 20, 2018 Order on the basis that his supplemental filings were timely filed and should be considered. Petitioner further contends that "habeas corpus proceedings is an appropriate procedural vehicle" because "[a]lthough characterized as a challenge to 'conditions of confinement,' the primary relief Petitioner seeks is release from the highly restrictive Special Housing Unit into the general population." (Doc. 13 at 5.)

A district court may reconsider a final judgment under either Rule 59(e) of the Federal Rules of Civil Procedure (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). Motions for reconsideration are generally disfavored and are granted only in rare circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration under Rule 59(e) "is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016). *See also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (noting Rule 59(e) does not list the specific grounds for seeking to amend or alter a judgment). Rule 60(b), by comparison, "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'" *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

Here, Petitioner has not presented any basis which calls for reconsideration. First, the Court observes that it previously deemed Petitioner's filings as timely filed and

considered those filings as though they had been received prior to the entry of judgment in this case. Second, Petitioner has not set forth any basis to support that his claims are properly presented to this Court in a § 2241 action. In short, Petitioner must show more than disagreement with the Court's decision; he must demonstrate that there are grounds which warrant setting aside the judgment in this action. Petitioner has not done so here. Accordingly,

**IT IS ORDERED** that the Rule 59 Motion to Alter or Amend Judgment and/or Rule 60 Motion for Relief from Judgment (Doc. 13) is **denied**.

Dated this 15th day of August, 2018.

_____
Honorable Cindy K. Jorgenson
United States District Judge